UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GONZALO RODOLFO NAVARRO,

Petitioner,

v. Case No.: 2:26-cv-02676-SPC-NPM

MARKWAYNE MULLIN *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court is Gonzalo Rodolfo Navarro's Amended Petition for Writ of Habeas Corpus (Doc. 4), the government's response (Doc. 6), and Rodolfo Navarro's reply (Doc. 8).

Rodolfo Navarro is a native and citizen of Argentina who entered the United States under the Visa Waiver Program (VWP) on December 9, 2001. He currently resides in Florida with his pregnant wife and three minor U.S. citizen children, and he has no criminal history. An immigration judge denied Rodolfo Navarro's application for asylum and withholding of removal on August 17, 2004, but the government made no attempt to remove him from the country until September 17, 2026. On that date, law enforcement officers approached Rodolfo Navarro at his home and said they wanted to speak to him about an investigation into human trafficking and prostitution. Rodolfo

Navarro wished to cooperate, so he voluntarily appeared at the Collier County Sheriff's Office.

But the purported investigation a ruse. When Rodolfo Navarro arrived at the sheriff's office, he was arrested and detained because of his immigration status. An Immigration and Customs Enforcement (ICE) deportation officer served him a Notice to Alien Ordered Removed/Departure Verification, and Notice of Intent to Issue a Final Administrative Removal Order, and a Final Administrative Removal Order. The ICE officer served Rodolfo Navarro an I-200 Warrant for Arrest of Alien on October 3, 2026.

In his habeas petition, Rodolfo Navarro asserts three counts: (1) the government arrested and detained him without statutory authority; (2) his detention without meaningful process violates the Fifth Amendment; and (3) the government cannot summarily remove him without establishing that he executed the waiver required by 8 U.S.C. § 1187(b)(2). In response, the government certifies it is detaining Rodolfo Navarro under 8 U.S.C. § 11187(b) and argues 8 U.S.C. § 1252(g) strips this Court of jurisdiction over his challenge to removal.

The Court first addresses jurisdiction. § 1252(g) states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim

> by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

This Court does not have jurisdiction over Rodolfo Navarro's Count 3 insofar as it challenges the government's execution of the removal order. But § 1252(g)'s narrow bar does not apply to Rodolfo Navarro's first two counts, which challenge detention, not removal. Nor does it bar Count 3 to the extent it challenges the removal order as a legal basis for Rodolfo Navarro's detention.

The Court turns to Rodolfo Navarro's challenges to the legality of his detention. The government asserts he is detained under § 1187(b), which states:

> An alien may not be provided a waiver under the program unless the alien has waived any right--(1) to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or (2) to contest, other than on the basis of an application for asylum, any action for removal of the alien.

8 U.S.C. § 1187(b). The plain language of the section limits when the government can grant a visa waiver. It does not grant any detention authority.

Two sections of the Immigration and Nationality Act (INA) authorize the detention of noncitizens detained in the interior of the country. The government does not invoke them, and they do not apply here. 8 U.S.C. § 1231 requires the government to detain noncitizens subject to final removal orders. The government summarily issued an order for the removal of Rodolfo Navarro, but it did not have the authority to do so.

When a noncitizen is admitted to the United States and becomes subject to its jurisdiction, he is entitled to due process in immigration proceedings. *Mokorram v. U.S. Atty. Gen.*, 316 F. App'x 949, 953 (11th Cir. 2009). A noncitizen can waive that right, but the waiver must be voluntary. *Id.* The burden is on the government to establish a voluntary waiver, and the government has not done so here. *See id.* The Court cannot assume a

noncitizen executed the waiver required by § 1187(b) merely because he was admitted under the VWP. *Id.* The government does not claim—much less prove—that Rodolfo Navarro made such a waiver. Thus, he is entitled to due process in removal proceedings, he is not subject to summary removal, and the government exceeded its authority by summarily issuing a final removal order. Because Rodolfo Navarro is not subject to a valid removal order, he is not subject to detention under § 1231.

The other potentially relevant statute is 8 U.S.C. § 1226(a), which allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government does not claim § 1226(a) authorizes Rodolfo Navarro's detention, and for good reason. The government has not commenced removal proceedings against Rodolfo Navarro by issuing a notice to appear, and it did not serve him with an I-200 warrant until weeks after his arrest. § 1226(a) does not apply here.

In sum, no section of the Immigration and Nationality Act authorizes Rodolfo Navarro's detention, and he is entitled to release. That is all the relief this Court can grant. If Rodolfo Navarro wants to challenge execution of the removal order, he must do so in the Eleventh Circuit Court of Appeals. *See* 8 U.S.C. § 1252(a)(5).

Accordingly, it is hereby

**ORDERED**:

Gonzalo Rodolfo Navarro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Rodolfo Navarro within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record